# Exhibit 1



# PRISON LAW OFFICE
General Delivery, San Quentin, CA 94964
Telephone (510) 280-2621 • Fax (510) 280-2704
www.prisonlaw.com

*Director:*
Donald Specter

*Managing Attorney:*
Sara Norman

*Staff Attorneys:*
Rana Anabtawi
Steven Fama
Alison Hardy
Corene Kendrick
Rita Lomio
Margot Mendelson
Thomas Nosewicz
Camille Woods
Lynn Wu

August 15, 2018

To Whom It May Concern:

    The Prison Law Office (PLO), the Civil Rights Education and Enforcement Center (CREEC), and the ACLU Foundation represent the plaintiffs and putative class and subclass in *Teneng et al. v. Trump*, Case No. 5:18-cv-01609, within the Central District of California. This complaint was filed on August 1, 2018 and is being served on you simultaneously with this letter. Pursuant to Local Rules 7-3 and 37-1, and Federal Rule of Civil Procedure ("Rule") 65(a)(1), we write to notify you of three motions that we intend to file in this case: (1) a motion to certify a class and subclass; (2) a motion for a preliminary injunction; and (3) a motion seeking expedited discovery. We would like to meet and confer concerning these motions no later than next Tuesday, August 21, 2018.

    First, the class certification motion will seek to certify a class and a subclass pursuant to Rules 23(a), 23(b)(1) and 23(b)(2). The class will be defined as "All persons who are now, or in the future will be, in the legal custody of the U.S. Immigrations and Customs Enforcement ('ICE') and detained at Federal Correctional Institute ('FCI') Victorville." We will also seek to certify a subclass (the "Religious Freedom Subclass") defined as "All religious persons who are now, or in the future will be, in the legal custody of ICE and detained at FCI Victorville, and whose ability to practice their religious beliefs is or would be impeded or substantially burdened by Defendants' policies and practices." The class and subclass definitions may change slightly, but not materially.

    Next, the preliminary injunction motion will seek a preliminary injunction on three grounds. First, the "conditions of confinement" of immigration detainees at Victorville – examples of which are identified in the complaint – violate the Due Process Clause of the Fifth Amendment because those conditions are (a) similar to or worse than the conditions of incarceration for convicted prisoners and criminal pretrial detainees, and (b) excessive in relation to the governmental objective of detaining immigration detainees pending removal proceedings. S*ee Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) ("The proceedings at issue here are civil, not criminal, and we assume that they are nonpunitive in purpose and effect"); *Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2004) (holding that when a civil "detainee is confined in conditions identical to, similar to, or more restrictive than, those in which his criminal counterparts are held, we presume that the detainee is being subjected to punishment") (citation and internal quotation marks omitted); *Sharp v. Westo*n, 233 F.3d 1166, 1172 (9th Cir. 2000). Second, the health care provided to the plaintiff class is constitutionally inadequate, as all

**Board of Directors**
Penelope Cooper, President • Michele WalkinHawk, Vice President • Marshall Krause, Treasurer
Harlan Grossman • Christiane Hipps • Margaret Johns • Cesar Lagleva
Laura Magnani • Michael Marcum • Ruth Morgan • Seth Morris

detainees are exposed to a substantial risk of serious harm from the systemic failures of the health care system. *Helling v. McKinney*, 509 U.S. 25, 33 (1993); *Parsons v. Ryan*, 754 F.3d 657, 677-78 (9th Cir. 2014); *see also Brown v. Plata*, 563 U.S. 493, 531 (2011). Lastly, the religious exercise rights of the subclass have been restricted in violation of the First Amendment and the Religious Freedom Restoration Act, 42 U.S.C. §2000bb *et seq*.

Finally, pursuant to Local Rule 37-1, Plaintiffs request that Defendants' counsel meet with Plaintiffs' counsel in a telephonic conference regarding expedited discovery. Plaintiffs' proposed discovery requests are set forth below. If Defendants' counsel does not confer with Plaintiffs' counsel on or before August 25, 2018, Plaintiffs' counsel will file a motion for expedited discovery seeking the following:

1) All Victorville health care policies and procedures other than BOP or ICE policies.

2) Health care records of detainees who have signed releases.[1]

3) Documents sufficient to show staffing and vacancy levels for custody and health care from the date that the detainees first arrived to the present.

4) List of programs available to prisoners and list of programs available to detainees and logs of detainee attendance at those programs.

5) Documents relating to detainees' ability to engage in religious exercise, including documents showing religious programming or services, and religious accommodations, provided or denied to detainees.

6) Documents sufficient to show the number of civil detainees held at FCI Victorville, the average length of stay for a detainee, and the countries of origin for detainees.

7) Rule 30(b)(6) depositions of the persons most knowledgeable about: (a) Victorville's healthcare operations (including but not limited to sick call, chronic care, medication administration, mental health care, dental care, emergency care, infectious diseases, and/or specialty care); (b) the prison's chaplaincy program, religious programming and services for detainees, and religious accommodations for detainees; (c) custodial operations in the units in which the detainees are incarcerated; (d) custodial operations in the units in which prisoners are incarcerated; and (e) any training that Victorville staff received in connection with the detention of immigration detainees at the facility.

---

[1] We have no objection to entry of a stipulated protective order covering detainee medical records.

RE: *Teneng v. Trump*
August 15, 2018
Page 3

8) Deposition of John Kostelnik, President of the American Federation of Government Employees Local 3969, which represents Victorville custody officers.

9) Any requests from any governmental entity, including without limitation the United States Office of Special Counsel, concerning the conditions of confinement of immigration detainees at Victorville, and any responses to such requests.

10) Rule 34 inspection of the prison by two of plaintiffs' experts, accompanied by Plaintiffs' counsel, including ability to talk to staff and detainees and inspection of healthcare records and related documents such as chronic care logs, specialty appointments, hospitalization logs, emergency room logs, etc.

The legal authority dispositive on the issue of expedited discovery is as follows. Federal Rule of Civil Procedure 26(d)(1) recognizes that a party may seek discovery before the Rule 26(f) conference "by stipulation, or by court order." This Court has adopted "a good cause standard" in determining whether such discovery should be permitted. *Smagin v. Yegiazaryan*, No. CV 14-9764-R, 2015 WL 12762270, at *2 (C.D. Cal. Sept 18, 2015). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). Courts may weigh factors in determining whether to grant a motion for expedited discovery, including, but are not limited to: (1) whether a preliminary injunction is pending; (2) the purpose for requesting the expedited discovery; (3) the breadth of the discovery requests; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made. *Smagin*, 2015 WL 12762270, at *2. As discussed above, Plaintiffs are also seeking a preliminary injunction in this case. Plaintiffs seek limited discovery to support a motion for preliminary injunction and have narrowly tailored our requests for this purpose. Accordingly, Plaintiffs' good cause for limited expedited discovery outweighs any burden on Defendants.

Again, we would like to meet and confer concerning these motions as soon as possible. Please contact me at your earliest convenience by email at dspecter@prisonlaw.com or by phone at (510) 280-2621.

Sincerely yours,

*/s/ Donald Specter*

Donald Specter, Executive Director
Prison Law Office

# Exhibit 2

Case 5:18-cv-01609-JGB-KK   Document 36-1   Filed 09/04/18   Page 6 of 11   Page ID #:331



*NTH:DMH:JSO:jem*
*(213) 894-6880*

**U. S. Department of Justice**
*United States Attorney*
*Central District of California*

Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012

August 22, 2018

***VIA EMAIL and U.S. Mail:***
Margot Knight Mendelson
Corene Kendrick
Donald Specter
Prison Law Office
1917 Fifth Street
Berkeley, CA 94710
Email: mmendelson@prisonlaw.com
Email: ckendrick@prisonlaw.com
Email: dspecter@prisonlaw.com

Daniel Mach
Heather L Weaver
ACLU Foundation
Program on Freedom of Religion and Belief
915 15th Street NW Suite 600
Washington, DC 20005
Email: dmach@aclu.org
Email: hweaver@aclu.org

David C Fathi
ACLU Foundation
Human Right Watch
1630 Connecticut Avenue NW Suite 500
Washington, DC 20009
Email: dfathi@aclu.org

Rekha Elaine Arulanantham
ACLU National Prison Project
915 Fifteenth Street NW 7th Floor
Washington, DC 20005
Email: rarulanantham@aclu.org

Michael Bryan Kaufman
ACLU Foundation of Southern California
1313 West Eighth Street
Los Angeles, CA 90017
Email: mkaufman@aclu-sc.org

Counsel
*Re: Stephenson Awah Teneg v. Donald J. Trump, et al.*
August 22, 2018
Page 2


Elizabeth B Jordan
Timothy P Fox
Civil Rights Education and Enforcement Center
104 Broadway Suite 400
Denver, CO 80203
Email: ejordan@creeclaw.org
Email: tfox@creeclaw.org

       Re: Stephenson Awah Teneng, et al., v. Donald J. Trump,
         President of the United States, et al.,
         <u>Case No. EDCV 18-01609 JGB (KK)</u>

Dear Counsel:

On August 15, 2018, our Office received a copy of Plaintiffs' Summons (ECF Nos. 14 and 15) and Complaint (ECF No. 1) in the above captioned case. Upon review, we note that the Complaint delivered to this Office is incomplete. The Complaint references multiple exhibits and declarations, none of which were included with the copy delivered to this Office. Consequently, on that basis alone, you have failed to properly effect service upon the United States Attorney as required by Federal Rule of Civil Procedure 4(a). That Rule provides that service upon the United States shall be effected as follows:

> "(A)(i) deliver a copy of the summons and of the complaint to the
> United States Attorney for the district where the action is brought –
> or to an Assistant United States Attorney or clerical employee
> whom the United States Attorney designates in a writing filed with
> the court clerk – or (ii) send a copy of each by registered or certified
> mail to the civil-process clerk at the United States Attorney's
> Office."

  Additionally, Federal Rules of Civil Procedure 4(i)(1)(B) and (C) require, in cases of this type, that a copy of the summons and the complaint be sent by registered or certified mail to the Attorney General of the United States at Washington, D.C. At this point in time, we are unaware of whether you have complied with these latter provisions. In the event that you have not, we suggest that you do so.

Counsel
*Re: Stephenson Awah Teneg v. Donald J. Trump, et al.*
August 22, 2018
Page 3

      Please promptly serve a conformed copy of the Summons and Complaint by certified mail or delivery, to the address listed below:

      Civil Process Clerk
      Office of the United States Attorney
      Room 7516, Federal Building
      300 North Los Angeles Street
      Los Angeles, California 90012

      This letter is being sent to you so that you will know our position regarding service of process at the earliest possible time.

      Very truly yours,

      NICOLA T. HANNA
      United States Attorney

      JOANNE S. OSINOFF
      Assistant United States Attorney
      Chief, General Civil Section

# Exhibit 3

# Corene Kendrick

| | |
|---|---|
| **From:** | Don Specter |
| **Sent:** | Tuesday, August 28, 2018 11:06 AM |
| **To:** | Joanne.Osinoff@usdoj.gov |
| **Cc:** | Victorville; Janice.Micheaux@usdoj.gov |
| **Subject:** | Stephenson A. Teneng vs Donald J. Trump et al, 5:18-cv-01609-JGB-KK |
| **Attachments:** | 18.08.15 Ltr to Defendants Re Motions.pdf |

Dear Ms Osinoff:

Thank you for your letter of August 22, 2018 informing us of the service issues in the above-referenced case. We appreciate the courtesy. I am informed that all defendants have now been served with all pleadings and relevant documents.

I am writing to follow-up my letter of August 15, 2018, which is attached for your convenience. I understand that this letter was served on your office on August 15. As required by the local rules in the Central District, we would like to meet and confer with counsel for defendants as soon as possible about various motions that we intend to file in this case. Those motions are a motion to certify the class, a motion for expedited discovery and a motion for a preliminary injunction. It is our hope that a meeting to discuss these issues would narrow or perhaps resolve some of the issues we intend to present to the Court. Please let me know when someone from your office is available for this meeting.

Thank you for your attention to this matter. I look forward to hearing from you.


Sincerely,

Don Specter
Prison Law Office

---------- Forwarded message ----------
From: **Micheaux, Janice (USACAC)** <Janice.Micheaux@usdoj.gov>
Date: Wed, Aug 22, 2018 at 12:09 PM
Subject: Emailing: Stephenson A. Teneng vs Donald J. Trump.pdf
To: "mmendelson@prisonlaw.com" <mmendelson@prisonlaw.com>, "ckendrick@prisonlaw.com" <ckendrick@prisonlaw.com>, "dspecter@prisonlaw.com" <dspecter@prisonlaw.com>, "dmach@aclu.org" <dmach@aclu.org>, "hweaver@aclu.org" <hweaver@aclu.org>, "dfathi@aclu.org" <dfathi@aclu.org>, "rarulanantham@aclu.org" <rarulanantham@aclu.org>, "mkaufman@aclu-sc.org" <mkaufman@aclu-sc.org>, "ejordan@creeclaw.org" <ejordan@creeclaw.org>, "tfox@creeclaw.org" <tfox@creeclaw.org>


Counsel, please see the attached letter.

Thank you, J. Micheaux

Your message is ready to be sent with the following file or link attachments:

1

Stephenson A. Teneng vs Donald J. Trump.pdf

Note: To protect against computer viruses, e-mail programs may prevent sending or receiving certain types of file attachments.  Check your e-mail security settings to determine how attachments are handled.