Donald Specter, Cal. #083925
dspecter@prisonlaw.com
Corene T. Kendrick, Cal. #226642
ckendrick@prisonlaw.com
Margot K. Mendelson, Cal. #268583
mmendelson@prisonlaw.com
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, CA 94710
Phone: (510) 280-2621
Fax: (510) 280-2704

**[ADDITIONAL COUNSEL ON FOLLOWING PAGE]**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION – RIVERSIDE

| | |
|---|---|
| STEPHENSON AWAH TENENG, MARCEL NGWA, ANKUSH KUMAR, GURJINDER SINGH, ATINDER PAUL SINGH, NOE MAURICIO GRANADOS AQUINO, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, President of the United States, KIRSTJEN NIELSEN, Secretary Department of Homeland Security; RONALD D. VITIELLO, Acting Director, Immigration and Customs Enforcement; DAVID MARIN, Field Office Director, Los Angeles Field Office of Immigration and Customs Enforcement; JEFFERSON BEAUREGARD SESSIONS, III, U.S. Attorney General; HUGH J. HURWITZ, Acting Director, Federal Bureau of Prisons, DAVID SHINN, Warden, FCI Victorville Medium Security Prison I/II, in their official capacities only,<br><br>Defendants. | Case Number:<br><br>5:18-cv-01609-JGB-KK<br><br><br>**DECLARATION OF DAVID C. FATHI IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

David C. Fathi, Wash. #24893*  
dfathi@aclu.org  
Daniel Mach, _D.C. #461652**  
dmach@aclu.org  
Victoria Lopez, Ill. #6275388*  
vlopez@aclu.org  
Heather L. Weaver, Cal. # 226853  
hweaver@aclu.org  
**ACLU FOUNDATION**  
915 15th St. N.W., 7th Floor  
Washington, DC 20005  
Phone: (202) 548-6603  
Fax: (202) 393-4931  

*Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts  

**Admitted *pro hac vice*.  

Timothy Fox, Cal. #157750  
tfox@creeclaw.org  
Elizabeth Jordan, La. Bar Roll No. 35186*  
ejordan@creeclaw.org  
**CIVIL RIGHTS EDUCATION AND ENFORCEMENT CENTER**  
104 Broadway, Suite 400  
Denver, CO 80203  
Phone: (303) 757-7901  
Fax: (303) 593-3339  

*Admitted *pro hac vice*. Not admitted in Colorado.  

Nancy E. Harris, Cal. # 197042  
nharris@meyersnave.com  
Ellyn L. Moscowitz, Cal. # 129287  
emoscowitz@meyersnave.com  
Jason S. Rosenberg, Cal. # 252243  
jrosenberg@meyersnave.com  
**MEYERS, NAVE, RIBACK, SILVER & WILSON**  
555 12th St., Suite 1500  
Oakland, CA 94607  
Telephone: (510) 808-2000  
Facsimile: (510) 444-1108  

Anne E. Smiddy, Cal. # 267758  
asmiddy@meyersnave.com  
**MEYERS, NAVE, RIBACK, SILVER & WILSON**  
101 W. Broadway, Suite 1105  
San Diego, CA 92101  
Telephone: (619) 569-2099  
Facsimile: (619) 330-4800  

Attorneys for Plaintiffs, on *behalf of themselves and others similarly situated*

I, DAVID C. FATHI, DECLARE:

1. I am an attorney admitted to practice before the courts of the state of Washington and admitted to practice before this Court *pro hac vice*. I am the Director of the National Prison Project ("NPP") of the American Civil Liberties Union Foundation ("ACLU"), and am co-lead counsel for the Plaintiffs in this litigation. I make this declaration in support of Plaintiffs' Motion for Class Certification.

2. The ACLU is a nationwide, nonprofit, nonpartisan organization with more than 1.6 million members that is dedicated to defending the principles of liberty and equality embodied in the Constitution and this nation's civil rights laws. Throughout its almost 100-year history, the ACLU has been deeply involved in protecting the rights of incarcerated people and immigrants.

3. The National Prison Project, founded in 1972 as a project of the ACLU, is located in Washington, D.C. It has decades of experience in complex prisoner rights class action suits and has represented prisoners in five cases before the U.S. Supreme Court. Since its founding, the NPP has litigated challenges to conditions of confinement in almost every U.S. state, as well as the District of Columbia and the U.S. Virgin Islands. I have been Director of the NPP since 2010; I have also served as a staff attorney and senior staff attorney at the NPP from 1990 to 1993 and 2000 to 2007. From 2007 to 2010, I was Director of the U.S. Program at Human Rights Watch.

4. The NPP is one of a handful of offices in the nation that focus on litigating conditions of confinement cases such as this action. Litigating these cases requires specialized knowledge and skills as well as considerable resources. As a result, NPP's assistance as co-counsel is frequently sought by other attorneys around the nation. Federal courts have repeatedly recognized the special expertise of NPP staff. *See, e.g., Plyler v. Evatt*, 902 F.2d 273, 278 (4th Cir. 1990); *Palmigiano v. Garrahy*, 707 F.2d 636, 637 (1st Cir. 1983); *Duvall v. O'Malley*, No.

1  CV ELH-94-2541, 2016 WL 3523682, at *9 (D. Md. June 28, 2016); *Dockery v.*
2  *Fischer*, 253 F. Supp. 3d 832, 856 (S.D. Miss. 2015); *Riker v. Gibbons*, No. 3:08-
3  CV-00115-LRH, 2010 WL 4366012, at *4 (D. Nev. Oct. 28, 2010); *Diaz v. Romer*,
4  801 F. Supp. 405, 410 (D. Colo. 1992), *aff'd*, 9 F.3d 116 (10th Cir. 1993).

5      5. Class action challenges to conditions of confinement in which NPP has
6  been class counsel include *Parsons v. Ryan*, 289 F.R.D. 513 (D. Ariz. 2013), *aff'd*,
7  754 F.3d 657 (9th Cir. 2014) (statewide challenge to conditions in Arizona state
8  prisons); *Casey v. Lewis*, 834 F. Supp. 1569 (D. Ariz. 1993), 834 F. Supp. 1477 (D.
9  Ariz. 1993) (same); *Graves v. Arpaio*, 633 F. Supp. 2d 834 (D. Ariz. 2009), *aff'd*,
10 623 F.3d 1043 (9th Cir. 2010) (challenge to conditions in Maricopa County Jail);
11 *Gates v. Cook*, 376 F.3d 323, 327 (5th Cir. 2004) (challenge to conditions of
12 confinement for death-sentenced prisoners); *Flynn v. Doyle*, 2007 WL 805788
13 (E.D. Wis. Mar. 14, 2007) (challenge to conditions in women's prison); *Inmates of*
14 *the Rhode Island Training School v. Martinez*, 465 F. Supp. 2d 131 (D.R.I. 2006)
15 (challenge to conditions in juvenile facility); *Jones'El v. Berge*, 164 F. Supp. 2d
16 1096 (W.D. Wis. 2001), 172 F. Supp. 2d 1128 (W.D. Wis. 2001), 374 F.3d 541 (7th
17 Cir. 2004) (challenge to conditions in "supermax" prison); *Austin v. Pennsylvania*
18 *Department of Corrections*, 876 F. Supp. 1437 (E.D. Pa. 1995) (statewide challenge
19 to conditions in Pennsylvania state prisons).

20     6. The Program on Freedom of Religion and Belief (PFRB) is a project
21 of the national ACLU dedicated to safeguarding the guarantee of religious liberty
22 embodied in the First Amendment and our nation's civil rights laws. PFRB's
23 attorneys are experts in religion law, and PFRB litigates a wide variety of religious
24 liberty cases across the country. PFRB works to ensure that the government neither
25 promotes religion nor interferes with its free exercise, and among its many cases,
26 PFRB regularly represents prisoners and detained individuals seeking constitutional
27 and statutory accommodations for religious exercise. PFRB has represented
28 prisoners seeking, for example, accommodations for religiously mandated

appearance, *see, e.g., Ware v. La. Dep't of Corr.*, 866 F.3d 263 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 1181 (2018); access to religious publications, *see, e.g., Leonard v. Louisiana*, 449 F. App'x 386 (5th Cir. 2011); and the right to preach in prison, *see, e.g., Thompson v. Ricci*, No. 3:08-CV-05926-AET (D.N.J. filed Dec. 18, 2008).

7. The attorneys of the ACLU are committed to the vigorous, effective, and efficient prosecution of the interests of Plaintiffs and the proposed class (the "Class"), a commitment the ACLU lawyers have demonstrated in their representation of Plaintiffs in the proceedings to date in this matter.

8. The ACLU, Prison Law Office, Civil Rights Education and Enforcement Center, and Meyers, Nave, Riback, Silver & Wilson (collectively, "Plaintiffs' counsel") have dedicated many hours and significant financial resources to the investigation and research of Plaintiffs' claims – including interviewing Plaintiffs and other members of the proposed Class to develop the factual record and legal issues underlying this case, interviewing potential expert witnesses, performing legal research about potential claims and relief available to the Class, and drafting a lengthy and detailed complaint as well as this class certification motion.

9. The ACLU has dedicated and will continue to commit substantial resources to the representation of the Plaintiffs in this case.

10. Plaintiffs' counsel have agreed to act jointly as class counsel, if the Court so designates them.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of August, 2018, at Washington, D.C.

s/ David C. Fathi
David C. Fathi
*Attorney for Plaintiffs*